■ LAWRENCE P. REILLY et al., Appellants, et al., Plaintiffs, v. MANUEL MIRAILH et al., Defendants, and CITY OF NEW YORK et al., Respondents.— Order, entered on August 10, 1962, granting defendants' motions to dismiss personal injury negligence action for failure to prosecute, unanimously affirmed, with $20 costs and disbursements to the respondents. The accident occurred December 25, 1955, early in the morning, when an automobile, in which plaintiffs were passengers, struck a pile of dirt in a street undergoing construction. The action was begun October 30, 1956. Because of the number of defendants, the interpleader of third-party defendants, and the service of supplemental and amended complaints, there was no final joinder of issue until November, 1958. The last proceeding was an examination before trial which was not completed until April 25, 1961. In 1962 two notes of issue were filed, the first being concededly improper and abortive. The second was filed on July 9, 1962 and two of the defendants moved within four days to dismiss for failure to prosecute. The order made on the motion to dismiss was entered over a year ago, in August, 1962. No pleadings or bills of particulars are included in the record, but from the affidavit it appears that the injuries sustained were lacerations, bruises and abrasions to the heads of the several plaintiffs. In addition, the usual sequelae of physical and mental involvement are also claimed. At least one of the plaintiffs received some surgical stitches for his head wounds. The wife of another plaintiff sustained some unspecified injuries to her leg, back and shoulder. The alleged excuse for the delay is the difficulties plaintiffs had with the court Clerk in filing various papers, including the notes of issue. Plaintiffs also argue that defendants had an obligation to prosecute the action and that they had sustained no prejudice as a result of the delay. The excuses are insufficient and the merits of the action extremely dubious, coupled with the extraordinary delay of eight years overall since the accident. Even the appeal from the order was noticed over a year ago.

(See *Sortino* v. *Fisher*, 20 A D 2d 25.)   Concur — Breitel, J. P., Rabin, Valente, Stevens and Bergan, JJ.